UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA PACHECO,<br><br>                          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No.: 18-cv-00502-AJB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 10, 12)** |

       This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

       On March 8, 2018, plaintiff Teresa Pacheco filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for supplemental security income ("SSI"). (ECF No. 1.)

       Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment.[1] For the reasons set forth herein, the Court **RECOMMENDS** that

---

[1]     Plaintiff styled her motion as a "Motion for Reversal and/or Remand."

1

plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing the action with prejudice.

## PROCEDURAL BACKGROUND

In 2008 and 2012, plaintiff filed applications for a period of disability and disability insurance benefits and SSI under Titles II and XVI, respectively, of the Social Security Act, alleging disability beginning in May 2008. Both sets of applications ultimately were denied following administrative hearings before administrative law judges. (*See* Certified Administrative Record ["AR"] 66-72, 88-98.)

On October 28, 2014, plaintiff again filed for SSI, alleging disability beginning May 1, 2008. (AR 28, 208-13.) After her application was denied initially and upon reconsideration (AR 31-35, 141-45), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 146.) An administrative hearing was held on November 30, 2016. Plaintiff appeared at the hearing with counsel, and testimony was taken from her (with the assistance of a Spanish interpreter) and a vocational expert ("VE"). (AR 42-62.) At the hearing, plaintiff amended her alleged onset date to October 28, 2014, to correspond with the protective filing date of her application. (AR 48.)[2]

In a decision issued January 9, 2017, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, since October 28, 2014, the date her application was filed. (AR 28-37.) The ALJ's decision became the final decision of the Commissioner on January 8, 2018, when the Appeals Council denied plaintiff's request for review. (AR 1-4.) This timely civil action followed.

//
//

---

[2] SSI is not payable prior to the month following the month in which the application is filed. *See* 20 C.F.R. § 416.335.

# SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 28, 2014, the application date. (AR 31.)

At step two, the ALJ found that plaintiff had the following severe impairments: affective disorder and anxiety disorder. (AR 31.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 31.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but she was limited to understanding, remembering, and carrying out simple, routine, repetitive tasks with standard industry work breaks every 2 hours; no interaction with the public; and no more than occasional, work-related, non-personal, non-social interaction with co-workers and supervisors involving no more than brief exchange of information or hand-off of product. (AR 33.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile would be unable to perform her past relevant work as a janitor. (AR 35.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, packer and inspector), the ALJ found that plaintiff was not disabled. (AR 36.)

# PLAINTIFF'S CLAIM OF ERROR

Plaintiff is claiming that, in determining her mental RFC, the ALJ erred in rejecting the opinion of plaintiff's treating psychiatrist, Dr. Ferrer. (*See* ECF No. 10 at 10-13.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

The medical evidence of record included a 3-page Mental Residual Functional Capacity Assessment form completed on November 2, 2016 by Dr. Ferrer. In that assessment, Dr. Ferrer checked off boxes indicating that plaintiff was "markedly limited" in all but one major mental functioning area, including the ability to understand and remember very short and simple instructions, the ability to make simple work-related decisions, and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (*See* AR 521-23.)

The law is well established in this Circuit that a treating physician's opinion is entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating

physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). Here, Dr. Ferrer's opinion was controverted by the opinions of the State agency psychological consultants that plaintiff was not significantly limited or at most only moderately limited in the various major mental functioning areas, and that she was capable of performing simple, routine tasks. (*See* AR 112-14, 125-27.)

In his decision, the ALJ stated the following with respect to the opinions of the State agency psychological consultants and Dr. Ferrer:

> "After reviewing the records submitted, the undersigned accords partial weight to the opinions of the State agency psychological consultants and partial weight to Dr. Ferrer's opinions. The claimant's mental status examinations and reports that her mental health symptoms were largely stable do not support the 'marked' limitations suggested by Dr. Ferrer. However, the claimant's below average intellect, signs of poor memory, and intermittent reports of hallucinations would likely result in moderate deficits of concentration, persistence, or pace. They might also limit the claimant's capacity to interact with others. As such, the undersigned finds the claimant would be limited to simple, routine tasks as suggested by the State agency consultants, but she would also require the additional restrictions set forth in the residual functional capacity above." (AR 35.)

The Court's review of the record confirms that plaintiff's mental status examinations and reports during the relevant time period beginning October 28, 2014 did not substantiate

the marked limitations to which Dr. Ferrer opined. As the ALJ noted earlier in his decision, in October 2014, a psychiatric evaluation in plaintiff's treatment records showed that plaintiff was fully oriented with good hygiene, normal speech, coherent thought processes, cooperative behavior, normal motor responses, and fair insight and judgment. (*See* AR 34, citing AR 419.) The following month, an exam showed improvement in plaintiff's affect to normal, improvement in her memory to normal, and improvement in her insight and judgment to normal. (*See* AR 34, citing AR 433.) As the ALJ also noted, subsequent treatment records including one dated December 30, 2015 showed that plaintiff's reported symptoms were largely improved. She reported significant improvements with panic attacks, and no significant auditory or visual hallucinations within the past year. (*See* AR 34, citing AR 492.) Similarly, Dr. Ferrer's treatment notes from August 2016 reflect that plaintiff reported feeling fine and that, on exam, she was oriented, cooperative, and well dressed with good insight and judgment, a euthymic mood, and normal coherent speech. (*See* AR 34, citing AR 514.)

The Court finds that the incongruity between Dr. Ferrer's November 2, 2016 opinion and plaintiff's treatment records during the relevant time period constitutes a legally sufficient reason on which the ALJ could properly rely to accord only partial weight to Dr. Ferrer's opinion. *See, e.g.*, *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting that opinion); *Tommasetti v. Astrue* 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between treating physician's questionnaire responses and the claimant's medical records provided a specific and legitimate reason for rejecting the physician's opinion of the claimant's limitations);; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

//

//

## RECOMMENDATION

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: August 27, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge